TREASURER of MIDDLETOWN *vs.* AMES and RUDD.

In an action of debt on a recognizance, taken for the appearance of a person ar-
rested on a criminal process, it is no defence that the jury who tried the case
were taken from the town to which the fine, on conviction, would be payable.

A party may not in a plea contradict the record of a court or magistrate, or im-
pute to them fraud.

This was an action of debt upon a recognizance, entered into
by the defendants for the appearance of said Ames, against whom
a complaint and warrant had been issued in favor of the state, upon
which he had been arrested and brought before a justice of the
peace.   Upon application of said Ames for a continuance, which
was granted, the justice ordered the recognizance upon which this
action was brought, and was conditioned for the appearance of said
Ames at the time and place to which the cause was continued for
trial, and from time to time, &c. to answer to the matters contained
in the complaint.   Upon the trial, the said Ames demanded a jury,
which was ordered, who found a verdict of guilty; whereupon
Ames was called and did not appear. .

The defendants plead in bar, first, that the jury was composed
of freeholders of the town of Middletown, liable to pay taxes in
said town.

Secondly, that on the day of trial, after the verdict had been
returned, and after it had been ascertained how much the fine
would be which the justice was about to inflict, and also what the
costs of said prosecution were, the said Amos was by said court
ordered into the custody of the constable of Middletown, and was
by said constable received into his custody, and while in the cus-
tody of said constable he was permitted by said justice and by the
grand juror who made said complaint, and also by the constable
who so had the said Ames in his custody, to go whither he would
for the purpose of endeavoring to procure some person to sign with
him as surety a note to the treasurer of the town of Middletown
for the said Ames aforesaid; and it was then and there agreed up-
on between the said justice and the grand juror who had the charge
of the prosecution for the plaintiff, that if he would obtain a note
as aforesaid, said sentence should not be pronounced against him,
and that said fine should not be inflicted; and also that said Ames
should have an opportunity to go at large to procure some person
to sign said note as surety; and that while the said Ames was so
at large by permission as aforesaid, endeavoring to procure some
person to sign said note as surety, the said Ames was three times

solemnly called and did not appear, and that was the occasion as alleged in the plaintiff's declaration on which the said Ames did not appear and none other, and that he was and always has been at all times ready to make his personal appearance before said justice whenever thereto required, and to answer unto the matters and things that might then and there be objected against him in that behalf.

These pleas in bar were decided by the county court insufficient, to which decisions the defendants excepted. Exceptions allowed and certified.

*Royce and Strong for defendants.*—1. The defendants insist that a verdict of guilty could not be found by jurors directly interested in the event of the suit. Upon common principles the interest of a juror is a ground of challenge, and if a party in a case prays for a jury, it is the duty of the court to see that a jury is ordered who can legally and impartially try the issue. Twelve jurors were challenged, and the respondent could do no more to secure his right of trial by jury.

2. A record may be impeached in some particulars as to time and place, and in all respects if the substance is retained.—3 Stark. Ev. 1046.

3. It is contended that the second plea in bar does not substantially contradict or impeach the record.

It is true that the record alleges that Ames was called and made default. This is not denied in terms by the plea, but it is insisted that so far at least as the bail is concerned we might show that he was discharged by the surrender of the principal.

3. The defendant insists further, that the second plea in bar discloses such facts as renders the proceeding void as to the bail being a fraud on him. The plea sets forth, that after the verdict of guilty the court in presence of the respondent assessed the fine and taxed the costs, and ordered the respondent into the custody of an officer; that the grand juror being the prosecuting officer, the justice and the officer all consented to the departure of the respondent, and that he was called during his absence with their united consent. This, it is contended, could not properly appear as a part of the record, but still is a fraud on the bail, and as such may be plead in bar of a recovery; and this more especially, as the plea, if sustained, proves conclusively that it was a mere attempt to charge the bail; for the plea alleges the return of the principal to receive the sentence of the court.—Stark. Ev. 252-3. 3 Coke, 77. 1

RUTLAND,
*February*,
1835.

Tr. Middletown
*vs.*
Ames & Rudd.

Pick. Rep. 362-5. Day, 160, *Formon's* case. Stark. Crim. Pl. 410.

*J. and O. Clark for plaintiff.*—This was an action of debt on a recognizance, to which the defendants plead two pleas in bar. The plaintiff's action was founded on a record referred to in the plaintiff's declaration, and neither of said pleas contain or allege matter of defence subsequent to the judgment.

The county court decided that the plaintiff ought not to be barred, and that said pleas be not sustained.

It is contended that the county court decided correctly, for said pleas only contained matter tending to impeach or affect the record by a supposed illegality therein, and also averred against the record. And it is contended,

1. That the validity of a record cannot be affected or impeached in pleading by any defect or illegality in the transaction on which it is founded.—1 Chit. Pl. 354, and cases there cited.

2. In this case it is contended, that the only plea which could have been legally sustained by the county court for matters anterior to the judgment was *nul tiel* record ; for it is a maxim in law, that there can be no averments in pleading against the validity of the record, though there may be against its operation. No matter of defence can be pleaded, which existed anterior to the recovery of the judgment.—1 Chit. Pl. 481. 8 John. Rep. 83, *Bullir* vs. *Giddins. McFarlen* vs. *Irwin*, 8 John. Rep. 77.

The opinion of the court was delivered by

WILLIAMS, Ch. J.—The question presented in the first plea in bar was virtually decided in the case of *State* vs. *Batcheldor*, 6 Vt. Rep. 479. It was held there that a justice of the peace had jurisdiction of a complaint in behalf of the state, where the fine on conviction was payable to the treasurer of the town in which the justice resided. The same reason would apply to the case of a juror. The practice in this state has always been, when a jury was required in a criminal case pending before a justice of the peace to select them from the town where the trial is had. The statute requires that they should be taken from the freeholders of the vicinity, and this has been considered as intending, of the town. Very great inconvenience, delay and expense would result from any law which required that in trials for petty offences the jury should be selected from the neighboring towns. In all prosecutions where a fine may be imposed, if payable to the county or state

treasury, there may be a very trifling interest in every inhabitant of the county or state, and if an objection on that account should be sustained, the punishment by fine must be abolished. We think, however, that this is not required. The interest which a juror might be supposed to have in such a case is contingent, as the justice may bind over, even after a verdict, and the interest and feeling which all men fit to be selected as jurors will naturally have to promote public justice and protect the innocent, would overbalance any pecuniary interest which they might have in a small fine, such as a justice of the peace can impose. But furthermore, if the defendant was correct in his views in relation to the propriety of summoning the jury from another town, it is very clear, that here is not the place to present that question. It would in that case only be an irregularity in the proceedings of the magistrate, which should have been objected to at that time, or some measures should have been taken to vacate his proceedings. It is clear that it cannot make them void, or justify the respondent in refusing to appear agreeably to the condition of his recognizance, when thereto required.

The second plea in bar is liable to two objections. In the first place it contradicts the record as set out. If the respondent was remanded into custody, in discharge of the bail, it should so have appeared by the records of the court. As this does not so appear, any averment of a fact, which should, if it existed, appear by the record, and which does not so appear, is contradicting the record. Moreover, it is directly contrary to the record. The conduct of the grand juror or the constable is wholly irrelevant. Whatever conversation they may have had with the respondent, or what they may have said or done, is of no importance whatever. And a plea of imputing fraud to the court is wholly inadmissible. Though a judgment may be impeached for fraud in the party, though it may be shown that a court were imposed on by the fraud of the party, yet it would be grossly improper to impute fraud directly to the court. This plea is entirely objectionable on this ground. Fraud is directly charged on the magistrate, who is represented as conniving with the constable and grand juror to subject the bail of the respondent rather than pronounce the judgment of the law on his conviction.

Neither plea can be sustained, and the judgment of the county court is affirmed.